ANN DOWNING, Plaintiff in Error, *v.* GEORGE DEIS and WIL-
LIAM BADER, Defendants in Error.

*Lands and Land Titles—Confirmation—Old Board—Enurement—Conveyances.—*
Under a confirmation made by the old Board of Commissioners, the title passes to the person presenting the claim and to whom the certificate issues, and does not enure to the benefit of an assignee under an assignment made prior to the filing of the claim.

*Error to St. Louis Circuit Court.*

The plaintiff, to sustain the issues upon her part, gave in , evidence—

1. A certificate of confirmation by the old Board of Commissioners, dated January 10, 1809, issued to Thomas Johnson, upon a grant to John Scott by Lt. Gov. Zenon Trudeau, dated March 20, 1797 ; claim filed by Thomas Johnson, January 25, 1806.

2. Copy of U. S. survey No. 120, for 432 arpents, surveyed by Jos. C. Brown in 1818.

3. A deed of exchange made between Thomas Johnson and Alex. McDaniel, dated October 16, 1802, in which Johnson purported to convey 200 arpents in the northern part of the land conveyed to him by John Scott. This deed was not recorded until July 17, 1847.

4. A decree in case of Jona. Wiseman's Adm'r et als. and heirs of Davidson v. Alex. McDaniel's Ex'r, rendered July 26, 1827, upon a bond given by said McDaniel, conditioned

for the conveyance of said 200 arpents to Daniel Davidson of Harrison county, Va., directing that the executor of McDaniel should execute to the heirs of said Davidson a deed for the premises.

5. A deed by said executor made in pursuance of such decree, dated July 28, 1827, to Josiah H., Ann, Edith, and Rowena Davidson, and Cassandra, wife of Walter Kinkead, children and heirs of Daniel Davidson, deceased. ·

6. Josiah H., Cassandra and Walter Kinkead made a deed for the premises to Samuel Downing, dated June 22, 1832; the deed was acknowledged before a justice of the peace. Edith and Rowena with their husbands made a deed for their interest, dated October 8, 1836, to Samuel Downing; this deed was acknowledged before a justice of the peace for St. Louis county.

7. Partition proceedings among the heirs of Samuel Downing, with the report of sale, made by the sheriff under the judgment in partition, of the premises sued for, to John H. Downing. No deed was produced, but the record of the court showed that the sheriff had acknowledged in open court a deed conveying the premises as stated in his report.

8. Deed dated April 14, 1854, from John H. Downing to Rufus Case.

9. Deed of Rufus Case to Ann Downing's trustee, John H. Downing, to secure a debt, dated April 14, 1854. Under this deed, the sheriff of St. Louis county, acting as trustee under order of the court, sold and conveyed the premises to Ann Downing by deed dated March 27, 1863.

The plaintiff then offered testimony tending to show that some of the parties under whom she claimed had been in possession of the premises sued for.

*E. A. Lewis*, for plaintiff in error.

I. The instruction given by the court was erroneous. It usurped the whole province of the jury—Chambers v. McGiveron, 33 Mo. 202.

II. The plaintiff had made out a complete chain of title

from the United States Government. But even if any defects were discoverable in the earlier muniments of title, a complete *prima facie* case had been made out by plaintiff under the statute of limitations by actual seizin in her grantors—Schultz v. Arnot, 33 Mo. 172 ; Ang. Lim. 398, 431.

*Bakewell & Farish,* for defendants in error.

The plaintiff showed no legal title to the land in controversy.

I. By the confirmation to Thomas Johnson the legal title to the land vested in him. The prior conveyance to McDaniel did not cause the legal title acquired under the confirmation to enure to him; he merely become the beneficiary owner and entitled to a conveyance—Landes v. Perkins, 12 Mo. 254; Norcum v. Gaty, 19 Mo. 69; Guyol v. Chouteau, 19 Mo. 546; Leitensdorfer v. Goebel, 31 Mo. 475.

FAGG, Judge, delivered the opinion of the court.

The plaintiff brought an action of ejectment in the St. Louis Circuit Court to recover possession of a certain tract of land described in the petition. The cause was tried by the court sitting as a jury, and at the conclusion of the plaintiff's case the following instruction was given at the instance of defendant's counsel, viz.: " The plaintiff is not entitled to recover upon the case made by her." A non-suit was taken with leave to the plaintiff to move to set it aside. That motion being overruled, the case is brought here upon a writ of error.

The only question in the case is the correctness of the instruction. The testimony has been carefully examined with the view of ascertaining whether there is any foundation whatever for the plaintiff's claim to rest upon. It cannot be contended for a moment that any legal title was shown in the plaintiff, and nothing to sustain the counsel's point in regard to possession.

The judgment of the court below must be affirmed. The other judges concur.